### BOSE LEWIS v. THE STATE.

*No. 3482.   Decided October 15.*

1.   **Theft—Intent—Evidence.**—This court will not ordinarily interfere with the finding of the jury on a conflict of evidence.   But in this case the proof is not sufficient to establish beyond a reasonable doubt the essential element to constitute theft—that the property was taken with a fraudulent intent to appropriate the same and deprive the owner of the value thereof.

2.   **Same—Charge of the Court—Reasonable Doubt.**—Upon the issue of reasonable doubt the trial court instructed the jury as follows:  "If you believe from the testimony beyond a reasonable doubt that the defendant did not take the property fraudulently, but took the property under an honest claim of right, he would not be guilty of theft, and you should acquit him."   *Held*, error, as applying the doctrine of reasonable doubt to the innocence instead of the guilt of the accused.

APPEAL from the County Court of Henderson.   Tried below before Hon. J. R. Blades, County Judge.

This conviction was for the theft of hogs under the value of $20, and the penalty assessed against the appellant was a fine of $10 and confinement in the county jail for two hours.

The testimony for the State clearly shows that the animals described in the information were taken up on the range by the defendant and by him driven to his pen and put in his mark.   It was further shown that the defendant, upon information that he was accused by Johnson, the alleged owner of the animals, with taking his, Johnson's, hogs, sent for Johnson and requested him to accompany him, defendant, through the range in search of his, Johnson's, hogs, the defendant claiming as his property the hogs taken and marked by him.   Johnson accepted the invitation, and it is shown that of the large number of hogs called up to the pen by defendant he altered one and spayed another, Johnson being present, and defendant claiming the said two animals.   Subsequently, when they had further prosecuted the search for Johnson's hogs and failed to find them, Johnson claimed the hogs altered and spayed by defendant and two others in the same drove as four of his missing hogs.   Defendant disputed that claim, and demanded of Johnson if he owned the said hogs why he did not claim them when he, defendant, altered the one and spayed the other.   Johnson replied that he was not at that moment certain of the identity of the said two animals.

Of the several witnesses who identified the animals described in the in-

dictment as Johnson's property all admitted that they were unfriendly to defendant.

All of the witnesses for the defense, equal in number to those for the State, testified positively that the animals described in the indictment belonged to the defendant and his minor sons.

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—As to the ownership of the alleged stolen hogs there is a direct conflict in the evidence. Witnesses for the State testified that they knew Johnson's hogs, and that the hogs in controversy belonged to him. On the other hand, defendant's witnesses were equally positive that he owned the same. This conflict in the evidence was settled against the defendant by the verdict of the jury, and this court will not revise the finding of the jury upon that question. But while there is evidence warranting the jury in finding that the hogs belonged to Johnson, and that the defendant took them from their accustomed range without Johnson's consent and appropriated them to his own use, we are of the opinion that the evidence wholly fails to show that such taking and appropriation of the hogs was accompanied by a fraudulent intent. On the contrary, the evidence shows, in our judgment, the absence of fraudulent intent. It shows that defendant did not believe that he had taken Johnson's hogs, but believed that the hogs in controversy belonged to him, the defendant, and that Johnson's hogs were still in their accustomed range, unmarked. We must hold, therefore, that the conviction is not sustained by the evidence.

Upon the issue of fraudulent intent the court in its charge misdirected the jury as follows: "If you believe from the testimony beyond a reasonable doubt that the defendant did not take the property fraudulently, but took the property under an honest claim of right, he would not be guilty of theft, and you should acquit him." This instruction is the very reverse of the rule as to reasonable doubt, and is radically wrong. It was calculated to, and no doubt did, mislead the jury, as the evidence was not so conclusive of the defendant's innocent intent as to exclude a reasonable doubt of a fraudulent intent on his part in taking the hogs.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.