## H. KEMPNER ET AL. V. J. M. JORDAN ET AL.

### No. 550.

1. **Judgment—Impeachment of—Service.**—Where a person has not been served with process in a suit, and has no notice thereof, and a judgment has been rendered against him when he has a good defense, he may impeach the sheriff's return without being required to show that the plaintiff connived at or procured such return, or had any connection therewith. It is sufficient that the return is not true in fact, and that there is a good defense.

2. **Collateral Attack.**—This is not a collateral attack upon the return of the sheriff, but a suit between the original parties to vacate and annul the judgment.

3. **Injunction Within Twelve Months.**—When the suit is to reform a judgment by vacating that portion thereof charging the land in controversy with a lien, it being a part of the homestead of the plaintiffs, article 2875 of the Revised Statutes, limiting the time within which suits to enjoin judgments must be brought, does not apply, although the injunction was sought to restrain the execution of a writ of possession.

4. **Judgment of the Trial Court on the Facts.**—The evidence impeaching the return was conflicting, but the finding of the court below, sitting as a jury, is as binding upon this court, under the law organizing it, as it was upon the Supreme Court before the change.

APPEAL from Galveston. Tried below before Hon. W. H. STEWART.

*Davidson & Minor*, for appellants.—1. As the judgment was rendered by a court of competent and general jurisdiction, in a proceeding entirely regular on its face, upon a subject matter within the ordinary scope of its powers, and as that judgment recites the fact that the defendant Harriet Jordan was duly served with process according to law,

and as that recital of service was a direct adjudication by that court upon that point, and is as conclusive upon the parties as any other fact decided in the cause, appellees' petition is bad on general demurrer, and is wholly insufficient to entitle them to contradict the recitals in that judgment of service upon Harriet Jordan, because appellees' petition does not allege that it affirmatively appears from other portions of the record in cause number 15,669, that said recital of service is untrue, nor does it allege that there was fraud or mistake either in the recital of service in said judgment or in the sheriff's return showing service upon her, nor does it allege that the said sheriff's return was false and was procured by a fraudulent combination between the plaintiff in number 15,669 (Kempner) and the sheriff. Rev. Stats., art. 2876; Hamblen v. Knight, 60 Texas, 39; Schneider v. Ferguson, 77 Texas, 576; Nichols v. Dibrell, 61 Texas, 540; Harn v. Phelps, 65 Texas, 597; Randall v. Collins, 58 Texas, 231; House v. Collins, 42 Texas, 492; Masterson v. Ashcom, 54 Texas, 326; Ayres v. Dupree, 27 Texas, 594; Johnson v. Templeton, 60 Texas, 238; Nevins v. McKee, 61 Texas, 413; King v. Russell, 40 Texas, 125; Wheeler v. Gray, 23 S. W. Rep., 821; Randall v. Collins, 52 Texas, 435; Id., 58 Texas, 231; Driver v. Cobb, 1 Tenn. Ch. (Cooper), 490; Windwart v. Allen, 13 Md., 196; Freem. on Judg., sec. 495; Walker v. Robbins, 14 How. (U. S.), 584; Hendrickson v. Hinckley, 17 How., 445; Crinn v. Handey, 94 U. S., 667; Embry v. Palmer, 107 U. S., 11; Phillips v. Negley, 117 U. S., 675.

2. Jordan and wife having instituted the proceeding at bar, not for the very purpose of attacking Sheriff Bayne's return of service, but for an independent purpose, and contemplating some other relief or result, although the overturning of the return of service may be important and even necessary to its success, and Sheriff Bayne, who was the wrongdoer, if any one, not being a party to this suit, this proceeding is a collateral attack upon the sheriff's return of service in cause number 15,669, whereas his return can not be impeached or controverted in a collateral proceeding for the purpose of setting aside or getting rid of a judgment authorized by such return. 1 Black on Judg., secs. 252, 253, 263; Flanniken v. Neal, 67 Texas, 632; Krug v. Davis, 85 Ind., 309; Cowell v. Klein, 44 Ind., 290; Thomas v. Ireland, 11 S. W. Rep. (Ky.), 663; Taylor v. Lewis, 2 J. J. Marsh., 400; Smith v. Hornback, 2 A. K. Marsh., 392; Sergeant v. George, 5 Litt., 199; Tillman v. Davis, 28 Ga., 497; Egery v. Buchanan, 3 Cal., 54; Barrows v. Rubber Co., 13 R. I., 48; Martin v. Sykes, 25 Texas Supp., 197; Gillis v. Rosenheimer, 64 Texas, 243; Gatlin v. Dibrell, 74 Texas, 36; Frazier v. Williams, 15 Minn., 288; Tullis v. Brawley, 3 Minn., 277; Bean v. Porter, 17 Minn., 591; Hallowell v. Page, 24 Mo., 590; Bowles v. Bowen, 45 N. H., 125; Kirksey v. Bates, 1 Ala., 303; Newton v. Bank, 14 Ark., 9.

*S. S. Hanscom,* for appellees.—1. The application contained a plain and intelligible statement of the grounds for the injunction, and set forth the facts upon which appellees sought relief, and was sufficient without the allegation that the sheriff's return was false, or that it was a fraud or mistake, etc. Rev. Stats., arts. 2875, 2877; Hamblin v. Knight, 81 Texas, 355.

2. The judgment of foreclosure obtained by appellant upon land which was the homestead of appellees, without notice of any character to Harriett Jordan, was void. The application for injunction was a direct attack upon said judgment, and was the appropriate remedy to annul said judgment as to the foreclosure upon said homestead; and the application for injunction being based on the fact that there was no notice to or service of citation upon Harriett Jordan, and the return on the citation being false and a fraud upon her rights, and her equitable defense arising after the rendition of the judgment, the statute requiring injunctions to stay executions to be sued out within twelve months from date of judgment has no application. Hamblen v. Knight, 81 Texas, 355; Glass v. Smith, 66 Texas, 548; Cooke v. Burnham, 32 Texas, 129; Freem. on Judg., 495; Lumpkin v. Williams, 1 Texas Civ. App., 214; Easley v. Bledsoe, 59 Texas, 488; Nichols v. Snow, 42 Texas, 72; Railway v. Rawlins, 80 Texas, 581; Freeman v. Hamblin and Wife, 1 Texas Civ. App., 158.

GARRETT, CHIEF JUSTICE.—This suit was brought by J. M. Jordan to vacate and annul so much of a judgment rendered by the District Court of Galveston County in a suit therein pending, number 15,669, H. Kempner v. J. M. Jordan et al., on the 25th day of March, 1892, as foreclosed a lien asserted in said suit on 125 acres of the land described in said judgment. An injunction was also prayed for and obtained, restraining the execution of a writ of possession in the hands of the sheriff in favor of Kempner. As cause for the relief, the plaintiffs averred that the said Harriet Jordan, who appears from the judgment in said cause number 15,669 to be a party thereto, was never in fact served with process therein, and never had any notice thereof until she was notified of the writ in the hands of the officer; that the said 125 acres of land was a part of the homestead of the plaintiffs, and had been continuously for more than twenty years; and the plaintiff, Harriet Jordan, had not signed the deed of trust which had been foreclosed as a lien thereon in said suit.

The defendants, the said H. Kempner and the sheriff, I. A. Daniels, entered a general demurrer to the petition, and excepted also, that it appeared that the injunction was applied for more than a year after the date of the judgment, without showing any reason to excuse delay; that the bond for injunction was insufficient in amount; and that the petition showed no equity entitling the plaintiffs to an injunction.

They also made a general denial of all the allegations in the petition, and pleaded specially the service of the process. A motion to dissolve the injunction was also filed.

On trial below without a jury, the court overruled the demurrers and the motion to dissolve the injunction, and rendered judgment on the merits, annulling and vacating the judgment in said suit number 15,669, in so far as the same foreclosed a lien upon the 125 acres of land which was adjudged to be the homestead of the said J. M. Jordan and his wife, Harriet Jordan, and perpetuating the injunction.

The questions presented on this appeal are:

1. Will a court of equity hear evidence to impeach a judgment by contradicting the sheriff's return of service in any other case than where the plaintiff has procured or connived at the false return?

2. Is the evidence in this case sufficiently clear and satisfactory to support the finding of the court below, that Harriet Jordan was never served with citation or other notice or process in cause number 15,669, and had no notice of the suit?

*Conclusions of Fact.*—1. The land in controversy at the time of the execution of the deed of trust thereon by J. M. Jordan, and at the date of the judgment in the suit number 15,669, and before and ever since, was and has been the homestead of said Jordan and wife.

2. Mrs. Jordan was never served with citation or other notice or process in said cause numbered 15,669, and had no notice of that suit until within a few days before the one at bar was instituted.

3. Citation was issued to the defendant in the said suit number 15,669, to Houston County, and was returned by F. H. Bayne, sheriff of said county, as served. The return of the sheriff is regular on its face, and shows due service on all the defendants, including the defendant Harriet Jordan.

4. The return of the sheriff was a false return, but it is nowhere shown that the plaintiff procured or connived at the same. F. H. Bayne testified positively, that he served the writ as shown by the return, and stated the circumstances under which he claims it was done. Jordan and his wife both testified positively, that the writ was not served on Mrs. Jordan, and related their version of the circumstances attending the visit of the sheriff to their home, when he claims to have made the service.

*Conclusions of Law.*—There is a conflict of authority as to whether or not the return of the sheriff showing service on a party, who is apparently bound by a judgment, may be impeached by such party. We do not find that the question has ever been determined in this State. Randall v. Collins, 58 Texas, 231; House v. Collins, 42 Texas, 492; Masterson v. Aschom, 54 Texas, 326; Gatlin v. Dibrell, 74 Texas,

36.  A number of authorities are referred to in Randall v. Collins, 58 Texas, and Masterson v. Aschom, supra, but the question is not decided.   It must be observed that this is not a collateral attack upon the return of the sheriff, but a suit between the original parties to vacate and annul the judgment.   Hence the case of Ayres v. Dupree, 27 Texas, 594, does not apply.   It is held by the Supreme Court of the United States, that the return can be impeached only when the plaintiff has procured or connived at the false return; and there are a number of other cases from State courts to the same effect.   See authorities cited by appellant, and also those collated by the text writers cited below.   But both Freeman and Black state that the weight of authority is, that the false return may be impeached without connecting the plaintiff with it.   2 Freem. on Judg., 495; 1 Black on Judg., sec. 377.   See also 12 Am. and Eng. Encyc. of Law, p. 140, notes 5 and 6; 10 Am. and Eng. Encyc. of Law, p. 907, and note 3; Crosby v. Farmer, 40 N. W. Rep., 71; Johnson v. Gregory, 29 Pac. Rep., 831.   As stated, there is high authority for either position.   On the one hand, there is a public policy to be observed that would uphold judgments; and on the other, it shocks the conscience that a man should be deprived of valuable rights by the judgment of a court in a suit of which he had no notice.   It can make little difference with the person who has no notice of the suit against him whether the plaintiff can be connected with the false return or not, if the return is in fact false and an unjust judgment has been obtained against him.   Where a person has not been served with process in a suit and has had no notice thereof, and a judgment has been rendered against him, when he had a good defense, by reason of a false return of service, he ought to be permitted to impeach the sheriff's return without being required to show that the plaintiff connived at or procured such return.   It should not be necessary to allege or prove that the plaintiff had any connection therewith, or that it was fraudulently made by the sheriff.   It should be sufficient that the return is not true in fact, and that there is a good defense.   Hence, as we think, there was no error in overruling the demurrer to the petition and in receiving evidence to impeach the return of the sheriff on the citation showing service on Mrs. Jordan.

An injunction against the execution of the writ of possession was sought and obtained, but the suit was to reform the judgment by vacating the portion thereof charging the land in controversy with the lien.   We do not think that article 2875 of the Revised Statutes, limiting the time within which suits to enjoin a judgment must be brought, should apply to this case.   The suit was instituted as soon as Mrs. Jordan became aware of the fact that she had ever been sued.   The court had the right to grant the injunction pending the trial of the suit to vacate and set aside the original judgment as far as it affected Mrs. Jordan.

It is contended, that the evidence was not of that clear and satisfactory nature that would make it sufficient to support the finding of the court below impeaching the return of the sheriff. As positive and directly to the issue, it was as clear and satisfactory as it could be; but it was conflicting. Bayne testified positively one way, and Jordan and his wife positively the other. The rule relied on does not require that the evidence shall be uncontradicted, for if it did, a higher rule of evidence would be required than is required in criminal cases where guilt must be established beyond a reasonable doubt. The rule is, that there may be something more than an oath against an oath; that the testimony of the officer must be met by the oath of two witnesses, or of at least one with strong corroboratory circumstances.

We see no reason to reverse the finding of the trial judge resolving the conflict of evidence. As the evidence impeaching the return if true was of a sufficiently clear and satisfactory nature, we regard the finding of the court below, sitting as a jury, upon conflicting evidence, to be as binding upon this court under the law organizing the same as it was upon the Supreme Court before the change.

The judgment of the court below will therefore be affirmed.

*Affirmed.*

Delivered May 10, 1894.

PLEASANTS, Associate Justice, dissents.

Writ of error was refused by the Supreme Court, July 12, 1894.

DISSENTING OPINION.

PLEASANTS, ASSOCIATE JUSTICE.—When, on a previous day of the term, this cause was decided, I dissented from the conclusions reached by a majority of this court, and I now file the grounds of my dissent.

When a judgment is impeached by contradicting the sheriff's return of service, that officer is a necessary party to the suit, and a court of equity should not hear evidence contradicting his return, unless it be averred that the return showing service upon the defendant was the result of either the fraud or the mistake of the officer. Public policy, in my judgment, requires that the verity of the records of courts of justice should be protected from assault by parol evidence, except upon a direct charge of either fraud or mistake. But waiving all questions as to the sufficiency of the petition, I am of the opinion that the judgment of the lower court should be reversed; because the evidence is not only *not clear* and *satisfactory* that Mrs. Jordan was not duly served with notice of the suit, but the finding of the learned judge who tried the cause, that the defendant was not served, is, in my judgment,

against the weight of the evidence, and this court is not relieved from the duty of reversing the findings of the lower court because the evidence is conflicting. A conflict in the evidence does not authorize the court to adopt the findings or conclusions of the trial court.

The statute which requires this court to give its conclusions upon the facts, and from which there is no appeal, imposes upon the court the duty of revising and passing upon the findings of the jury or the judge trying the cause, in every case in which the facts are controverted, uninfluenced by the verdict or findings of the judge.

This court owes it alike to the appellant and to the Supreme Court to give its own conclusions upon the facts. This I think is not done in the opinion rendered in the decision affirming the judgment in this cause.

Delivered May 19, 1894.