BECKER v. BECKER et al.   (No. 6323.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 28, 1920.)

1. PLEADING ⚙=101 — ATTEMPTED PLEA IN ABATEMENT NO MORE THAN SPECIAL EXCEPTION.

In an action to cancel and set aside part of a judgment on the ground that plaintiff was never served with notice or any process, a motion or plea that the husband's case be dismissed "because the petition filed herein is not pleaded with that certainty demanded by law, when attacking a return under oath, duly filed in said cause No. B–9841, the said petition herein not being sworn to as required by law in order to attack the sworn return of a notice or citation served in said cause," was not a plea in abatement, and was no more than a special exception.

2. JUDGMENT ⚙=460(2) — PLEADING TO SET ASIDE SUFFICIENTLY ALLEGED LACK OF PROCESS.

In an action to set aside part of a judgment on the ground that plaintiff was never served with notice recited in the judgment, or any other process, it was not necessary to specifically allege that the return on the notice was false, such allegation being necessarily embraced in the allegation that the notice was never served.

3. ABATEMENT AND REVIVAL ⚙=83—PLEA IN ABATEMENT SHOULD PRECEDE GENERAL DEMURRER.

A plea in abatement should precede a general demurrer, as such a plea cannot be sustained and still have an adjudication on the merits which result from the sustaining of a general demurrer and a refusal to amend.

4. JURY ⚙=25(11) — PLAINTIFF IN ACTION TO SET ASIDE JUDGMENT FOR LACK OF SERVICE OF PROCESS NEED NOT ESTABLISH RIGHT TO JURY TRIAL.

In an action by a husband to set aside part of a judgment of divorce granted his wife, which required him to pay money to the wife,

---

⚙=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on the ground that he had never been served with notice of the suit or process, court was not authorized by Rev. St. art. 1951, or otherwise, to hear testimony and require the plaintiff to introduce testimony for the purpose of ascertaining whether or not there was sufficient testimony contesting the service in the complaint to authorize the submission of such an issue to the jury; it being the duty of the court to pass on all matters of pleading without hearing evidence, and, if a good cause of action is pleaded, to empanel a jury and let plaintiff introduce his evidence.

5. PROCESS &#9702;&#8594;149 — TESTIMONY OF TWO WITNESSES OR ONE WITH CORROBORATING FACTS NECESSARY TO OVERCOME OFFICER'S RETURN.

When the return of an officer is attacked the testimony of the officer must be met by the oath of two witnesses, or of at least one with strong corroborating circumstances, but such rule, however, is not to be applied so as to deprive a person of the right to have the jury pass on the credibility of witnesses, but is to be used to weigh the testimony which was found by the jury to be true.

6. CONSTITUTIONAL LAW &#9702;&#8594;309(1) — JUDGMENT &#9702;&#8594;17(2) — PERSONAL JUDGMENT ON SERVICE OUTSIDE OF STATE NOT UNCONSTITUTIONAL AS DENYING DUE PROCESS OF LAW.

Rev. St. 1911, arts. 1869–1873, are not violative of due process of law clauses of the federal and state Constitutions, so far as they authorize the rendition of a personal judgment against a citizen of the state upon personal service of process upon him while temporarily absent from the state.

Error from District Court, Bexar County; W. S. Anderson, Judge.

Action by N. Becker against Martha Becker and another. Judgment for defendants, and plaintiff brings error. Affirmed in part, and reversed and remanded in part.

R. H. Ward, of Wichita Falls, and Bickett & Bickett, of San Antonio, for plaintiff in error.

C. A. Davies, of San Antonio, and R. L. Neal, of Waco, for defendants in error.

MOURSUND, J. On October 7, 1915, Martha Becker obtained a judgment in the thirty-seventh district court of Bexar county, divorcing her from N. Becker, and providing that she recover of him the sum of $3,350, the value of an automobile alleged to have been given her by him, and that she also recover of him $500 as a reasonable attorney's fee. The judgment recites that Becker was duly served by a notice, as provided by statute, together with a copy of plaintiff's petition, while he was temporarily in Kansas City, Mo., and that at the time of the filing of the petition he was a citizen of the state of Texas.

On April 23, 1916, N. Becker filed his petition, duly verified, complaining of Martha Becker and C. A. Davies, her attorney, the purpose being to cancel and set aside so much of said judgment as relates to the automobile, and awards the sums of $3,350 and $500 to Mrs. Becker. It was alleged that the recitation in the judgment concerning notice was false; that plaintiff was never served with said notice or any process whatever in said suit, and never knew the suit had been instituted until January or February, 1916, after the expiration of the term at which such judgment was rendered; that the allegations of the petition filed by Mrs. Becker were false; and that the judgment, both as to the grounds alleged for divorce and as to the automobile, was procured by false and perjured testimony. It was further alleged that C. A. Davies was made a party, because his name was mentioned in the judgment as the attorney who was to receive the $500 fee.

The answer filed by Mrs. Becker consisted of a motion or plea that the case be dismissed, the ground being stated as follows:

"Because the petition filed herein is not pleaded with that certainty demanded by law, when attacking a return under oath, duly filed in said cause No. B–9841, the said petition herein not being sworn to as required by law in order to thus attack the sworn return of a notice or citation served in said cause No. B–9841."

Then followed a general demurrer. This was followed by a special plea, admitting that Becker is a resident of the state of Texas, and has been for five or six years; reciting the efforts to procure service on Becker in the original case; and alleging that he was finally served with notice and a copy of the petition in Kansas City, the details of the alleged service being fully stated. The facts pleaded were sufficient to show service, but the pleader alleged further that after the papers had been handed to Becker, and he acquainted himself with the nature thereof, he attempted to repudiate the service by stating that the person who handed the papers to him could not serve him, and by throwing the papers away. In connection with this it was alleged that by reason of the facts alleged, through his own fault, and unlawful attempt to evade service, said N. Becker failed to appear in said cause; that having by his own acts and laches deprived himself of appearing and answering in said case, he is now estopped from denying the sufficiency of said service. This plea is referred to in the judgment and other portions of the record as a "plea in abatement and estoppel." The plea was concluded by a suggestion that the court should first determine the question of the sufficiency of the service, and hear testimony thereon, and, if resolved in favor of the defendant, should refuse the relief sought and asked by plaintiff. Defendant then pleaded a general denial, and specially denied that

the judgment was rendered upon any false testimony.

Plaintiff replied by general demurrer to the so-called plea in abatement and answer, and a special exception to the allegations concerning the service of notice, to the effect that such allegations failed to show service for the reason that the notice provided for in articles 1869 to 1873, inclusive, of the statutes (Rev. St. 1911) was void, and not in accordance with due process of law, being violative of section 1 of the Fourteenth Amendment to the Constitution of the United States, and section 19 of article 1, Bill of Rights, Constitution of Texas. This supplemental petition also contained a general denial of the averments made in the answer.

Defendants filed a supplemental answer denying that service under such statutes was in violation of the constitutional provisions referred to, and further alleging that if the court should find the service insufficient in the original case, then that Martha Becker reiterates, repleads, and reaffirms all allegations made in the original case, and prays for judgment for divorce, the value of the automobile, and a reasonable attorney's fee.

Judgment was rendered, sustaining the general demurrer of defendants, the so-called plea in abatement, and the so-called plea in abatement and estoppel, dismissing the suit of plaintiff, and in all things confirming the judgment sought to be set aside by plaintiff.

[1, 2] The first paragraph of defendant's pleading, called plea in abatement, was no more than a special exception, and when considered as such, must be held to be without merit. Nor was the petition subject to a general demurrer. It contained the unequivocal allegation that plaintiff had never been served with the notice recited in the judgment, or any other process, and did not know the suit had been instituted until the term had expired at which the judgment was rendered. It was further alleged that plaintiff had a good defense to the cause of action alleged, and such defense was set out. It was not necessary to specifically allege that the return on the notice was false. That allegation is necessarily embraced in the allegation that the notice was never served. In the case of Kempner v. Jordan, 7 Tex. Civ. App. 275, 26 S. W. 870, the petition, as disclosed by the opinion and the contentions copied from the briefs, was practically in the same language as the one filed in this case, and it was held not to be subject to a general demurrer.

[3] The so-called plea in abatement and estoppel is no more than a special answer. It simply pleads specially facts which, if true, show that one of plaintiff's essential allegations is false. If such pleading constitutes a plea in abatement, it should have preceded the general demurrer. If a plea in abatement is sustained, the cause will simply be dismiss-

ed. Such a plea cannot be sustained, and still have an adjudication upon the merits which results from the sustaining of a general demurrer and a refusal to amend. The judgment is based upon erroneous rulings, and must be reversed.

[4] It appears from the judgment and a bill of exceptions that after the pleadings had been read to the court, and counsel had argued the plea in abatement and general demurrer to plaintiff's petition, the court stated that he would hear proof "in the matter on the question of service, and whether this plea in abatement and the demurrer ought to be sustained." A jury had been demanded by plaintiff and the fee paid, and a jury was present in attendance on the court. Counsel for plaintiff declined to introduce evidence for the purposes named by the court, and insisted upon a trial by jury, and contended that the issues on which evidence was desired by the court were issues of fact to be submitted to the jury; also that the so-called plea in abatement was waived because it followed the general demurrer. The court heard the testimony introduced by defendant, and then made his rulings with respect to the demurrer and so-called pleas in abatement. It is contended by defendants in error that this procedure was authorized by article 1951, and in effect that the court had the right to hear testimony for the purpose of ascertaining whether or not there was sufficient testimony, contesting the service in the cause wherein the judgment sought to be set aside was rendered, to authorize the submission of such an issue to the jury. There is no authority for such procedure. The plaintiff cannot be required to introduce his evidence for the purpose of establishing his right to a jury trial. It might save time in some cases if the court had such authority, but under our practice it was the duty of the court to pass on all matters of pleading without hearing evidence, and, if a good cause of action was pleaded, to impanel a jury and let plaintiff introduce his evidence. If it should be deemed insufficient the court is empowered to instruct a verdict.

[5] As stated in the case of Kempner v. Jordan, supra, our courts have established the rule, when 'the return of an officer is attacked, "that there may be something more than an oath against an oath; that the testimony of the officer must be met by the oath of two witnesses, or of at least one with strong corroborating circumstances." This rule is, however, not to be applied so as to deprive a person of the right to have the jury to pass on the credibility of witnesses, but is to be used to weigh the testimony which was found by the jury to be true. The court doubtless had this rule in mind in adopting in this case the unusual procedure above detailed, and was probably influenced thereby to believe that it would be proper to require plain-

tiff to demonstrate that his evidence would be such as to support a judgment as a prerequisite to obtaining a jury trial. As above stated, we do not believe the plaintiff can be required in any case to introduce his evidence for such a purpose. If he can be required in one case to show what sort of a case he will be able to present to a jury, he can be required to do it in all cases. No authority is cited for such a holding under our statutes, nor do we believe any can be found.

Appellant complains of the overruling of his special exception by which he attacked the right of the court to render a personal judgment against him upon notice served upon him outside of the state, contending that this violated the due process of law clause of the Fourteenth Amendment to the federal Constitution, and also article 1, § 19, of the Constitution of this state.

We are inclined to the view that the ruling sought to be attacked presents no material issue in view of the plaintiff's allegations, as plaintiff did not rely on any theory that he was served with a notice, invalid because the law authorizing such service was unconstitutional, but on the theory that he was not in fact served with any kind of notice.

[6] However, we conclude there is no merit in the appellant's contention. At the time of the alleged service upon appellant he was a citizen of Texas, and the statutes of this state authorized the kind of service complained of. Our decisions uniformly support the validity of the personal judgment rendered upon such service upon citizens of Texas. The contention is prompted by expressions in the opinion of the federal Supreme Court in the case of McDonald v. Mabee, 243 U. S. 90, 37 Sup. Ct. 343, 61 L. Ed. 608, L. R. A. 1917F, 458. In that case it was held that service by publication upon a citizen of Texas, who had left the state intending to make his home in another state, but whose family was still residing in Texas, would not support a personal judgment. The court did not hold that when a citizen is absent from his state the courts thereof are as powerless with respect to the rendition of a personal judgment against him as if he resided in another state. On the contrary, the language used is rather persuasive to the effect that the court would have upheld the service had it been such as is under consideration in this case. Articles 1869 to 1873, R. S. 1911, are not violative of the due process of law clauses of the federal and state Constitutions in so far, at least, as they authorize the rendition of a personal judgment against a citizen of this state upon personal service of process upon him while temporarily absent from the state. This conclusion is not contradicted by anything in the opinion in the case of McDonald v. Mabee, and of course is fully supported by our decisions.

No cause of action was asserted against C. A. Davies, for the judgment made part of the pleading discloses that Mrs. Becker recovered the $500 attorney's fee, and that no judgment was entered in favor of her attorney.

The judgment is affirmed in so far as plaintiff's suit is dismissed as against C. A. Davies, but is reversed in so far as it dismisses his suit against Mrs. Becker, and the cause remanded for a trial of such suit.