**PEREZ et al. v. E. P. LIPSCOMB & CO.\*** (No. 7220.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 12, 1924. Rehearing Denied Jan. 7, 1925.)

1. **Judgment ⬅460(1)—Allegation held to show that defendants were residents when they were cited by publication.**

Allegations of bill of review in defendant's cross-action to set aside a judgment in trespass to try title *held* to show that defendants were residents of Texas when cited by publication, and that plaintiff knew they were not nonresidents.

2. **Pleading ⬅214(1)—Demurrer taken as admission of truth of alleged facts.**

Demurrer must be taken as an admission of truth of alleged facts.

3. **Judgment ⬅17(2)—Judgment on service by publication when defendants were residents of state held void.**

Judgment in action of trespass to try title taken on service by publication when defendants were residents of state at date of service and their residence known to plaintiff was as though no service had been had, and void.

4. **Judgment 518—Action to set aside default judgment brought in court where judgment rendered is a direct attack.**

Action to set aside a default judgment for want of service, brought in court where judgment was rendered, is a direct attack on judgment.

5. **Judgment ⬅447(1)—Unnecessary to exhibit a meritorious defense in suit to set aside void judgment.**

In suit to set aside a void judgment, it is unnecessary to exhibit a meritorious defense, a void thing being as though it never happened and may be attacked collaterally or otherwise.

6. **Dismissal and nonsuit ⬅58(4)—Bill of review to set aside judgment should not be dismissed, if one good cause is shown.**

A bill of review to set aside a judgment should not be dismissed, if one good cause is shown.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by E. P. Lipscomb & Co. against A. S. Perez and others, in which defendants filed a cross-action in nature of a bill of review to set aside judgment rendered for plaintiff. From a judgment dismissing their cross-action, defendants appeal. Reversed and remanded.

W. W. King, of San Antonio, for appellants.

E. P. Lipscomb, of San Antonio, for appellee.

COBBS, J. This was an action in trespass to try title brought on the 18th day of October, 1922, in the Seventy-Third judicial district court of Bexar county, Tex., by E. P. Lipscomb & Co., plaintiff, against Alfred S. Perez, unknown heirs of Alfred S. Perez, Florentina de Perez, unknown heirs of Florentina de Perez, and unknown owners, defendants, for lot No. 4, block 2, city block 752, city of San Antonio, Bexar county, Tex. Service was had upon the defendants by publication.

Judgment was duly rendered in favor of plaintiff against the defendants for title and possession of said property on February 2, 1923. Thereafter, on the 25th day of September, 1923, the defendants filed motion in the nature of bill of review to set aside said judgment, upon the ground that at the time of the institution of said suit, and when the citation for publication was issued, plaintiff knew who were the heirs of Florentina Valdez de Perez, and knew their places of residence, and could have obtained personal service on them had he seen proper so to do, and by reason thereof said judgment was void.

A writ of possession was issued on the judgment, and on November 22, 1923, appellants filed a motion to dismiss the writ of possession, and after a hearing thereon it was sustained by the court.

Appellants' cross-action was in the nature of a bill of review, and among other things alleged:

"That E. P. Lipscomb & Co., on the 18th day of October, 1922, brought suit against Alfred S. Perez, unknown heirs of Alfred S. Perez, Florentina Valdez de Perez, unknown heirs of Florentina Valdez de Perez, and unknown owners, for the title and possession of lot No. 4, block 2, city block 752, in the city of San Antonio, Bexar county, Tex.

"That the plaintiff in the above-styled cause, caused said complainants to be cited by publication, and that none of them were served with process, and none of them appeared and answered in said cause, and none of them had any notice of the filing of said suit and rendition of the judgment therein.

"That at the time said petition was filed, and at the time said citation by publication was made and returned, E. P. Lipscomb, a member of the said firm, made affidavit for issuance of citation by publication, actually knew who were the heirs at law of Florentina Valdez de Perez and knew their places of residence, and could

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Writ of error dismissed for want of jurisdiction February 18, 1925.

have obtained personal service on them had he seen proper so to do."

Among other defenses set up in appellee's answer was a general demurrer presented and urged to the appellants' bill of review, which the court sustained, and upon the refusal of appellants to amend the cross-bill it was dismissed. At the same time the order which was theretofore entered quashing the writ of possession was set aside.

[1-3] There is enough alleged in the bill tending to show that appellants were residents of Texas when they were cited by publication, and appellee well knew they were not nonresidents of the state. The demurrer must be taken as an admission of the truth of the alleged facts. The judgment taken upon such service, when the parties were residents of the state of Texas, at the date of service by publication, and their residence known to appellants at the time, is as though no service had been had, and is void. Scales v. Wren, 103 Tex. 304, 127 S. W. 164; Hume v. Carpenter (Tex. Civ. App.) 188 S. W. 707; Hollywood v. Wellhausen, 28 Tex. Civ. App. 541, 68 S. W. 329.

[4] As this was an action to set aside a default judgment for want of service, brought in the court where the judgment was rendered, it is a direct attack on the judgment and not an indirect or collateral attack. McCampbell v. Durst, 73 Tex. 410, 11 S. W. 380; Buchanan v. Bilger, 64 Tex. 593; Lane v. Moon, 46 Tex. Civ. App. 625, 103 S. W. 211; Graham v. Improvement Co. (Tex. Civ. App.) 50 S. W. 579; I. & G. N. Ry. v. Moore (Tex. Civ. App.) 32 S. W. 379; Kempner v. Jordan, 7 Tex. Civ. App. 275, 26 S. W. 870.

[5] In such a suit to set aside a void judgment it is not necessary nor is it required to exhibit a meritorious defense. A void thing is as though it never happened, and may be attacked collaterally or otherwise. Miller v. First State Bank & Trust Co. (Tex. Civ. App.) 184 S. W. 618; McCaulley v. Western National Bank (Tex. Civ. App.) 173 S. W. 1000.

[6] Appellants plead, among other things in support of their claim, the statute of limitation of 10 years, and would be entitled to a trial on that issue, of which they ought not to be deprived by sustaining a general demurrer to the bill. If one good cause is shown, the bill should not have been dismissed. Buchanan v. Bilger, 64 Tex. 589. Appellants certainly alleged a meritorious defense when they set up facts to show an invalid judgment, one taken without proper service.

It is the contention of appellants that E. P. Lipscomb, member of an alleged firm doing business in the name of E. P. Lipscomb & Co., had not at the institution of this suit filed or registered in the county clerk's office the name of the persons who composed the firm, as required by Vernon's Texas Statutes, vol. 2, title 94½, art. 5950½ (Vernon's Ann. Civ. St. Supp. 1922); 30 Cyc. p. 420.

Upon the trial of the issues on the motion to quash the writ of possession it is shown that the firm was composed of E. P. Lipscomb and Mrs. H. D. Archer, the wife of Osceola Archer, the district clerk of Bexar county.

We do not think the question is properly before us for any ruling, and none is made on that complaint.

The bill for review to set aside the judgment was good against a general demurrer, and the entire judgment of the trial court is set aside and the cause remanded for another trial.

Reversed and remanded.