**GARNER et al. v. CHICAGO, R. I. & G. RY. CO. (No. 2907.)**

Court of Civil Appeals of Texas. Amarillo. Sept. 14, 1927.

Rehearing Denied Sept. 21, 1927.

1. **Appeal and error ⬙931(3)—In absence of express finding, appellate court must hold that trial court made all necessary findings to sustain judgment.**

In absence of express finding by trial court sitting without a jury, appellate court must hold that trial court made all necessary findings to sustain judgment on any theory disclosed by evidence and pleadings.

2. **Appeal and error ⬙1011(1)—Court of Civil Appeals cannot disturb fact findings of trial court on conflicting evidence.**

On appeal, fact findings on conflicting evidence of trial court sitting without a jury cannot be disturbed by Court of Civil Appeals.

3. **Injunction ⬙7—Plaintiffs, having clear, complete, and adequate remedy, are not entitled to injunctive relief.**

If plaintiffs have a clear, complete, and adequate remedy, they are not entitled to relief by injunction.

4. **Eminent domain ⬙274(1)—Owners consenting to railroad's construction of tracks over their lands held to have adequate legal remedy in trespass to try title action and injunctive relief properly denied (Const. art. 1, § 17).**

Where railroad constructed its tracks over plaintiffs' land with plaintiffs' acquiescence and consent, as required by Const. art. 1, § 17, plaintiffs had a clear, complete, and adequate remedy at law in action in trespass to try title, in which possession and damages to plaintiffs' land could be fully adjudicated, and injunctive relief was therefore properly denied.

Appeal from District Court, Potter County; W. E. Gee, Judge.

Suit by C. R. Garner and others against the Chicago, Rock Island & Gulf Railway Company. From an order denying plaintiffs' application for a temporary injunction, plaintiffs appeal. Affirmed.

Cooper & Lumpkin, of Amarillo, for appellants.
Stone & Guleke, of Amarillo, for appellee.

RANDOLPH, J. The appellants, as plaintiffs, by their amended original petition alleged as a cause of action against the defendant, appellee, first, a formal action of trespass to try title, and second, the following allegations, constituting their grounds for the issuing of an injunction against the defendant, to wit:

"Plaintiffs further show to the court that the defendant, the Chicago, Rock Island & Gulf Railway Company, is a railroad corporation organized and authorized to do business under and by virtue of the laws of the state of Texas, and by the Constitution and laws of the state of Texas is prohibited from taking possession of said property of these plaintiffs or other individuals, without compensation, and that said defendant illegally and unlawfully took possession of said land and premises without the consent, acquiescence, or knowledge of these plaintiffs, or either of them. That the possession of said land and premises so taken by said defendants was made at a time unknown to the plaintiffs herein, but long prior to the 1st day of September, 1926.

"Plaintiffs further show to the court that on or about the 1st day of September, 1926, plaintiffs were approached by one J. R. Gaut, W. A. Askew, and I. O. Wilson, who represented themselves to be a committee selected by certain persons constituting themselves a right of way committee for the defendant herein, for the purpose of securing a right of way for said defendant, railway company, to build and operate a line of railway in Potter county, Tex., and out of the city of Amarillo in a northerly direction towards the town or city of Liberal, Kan.

"That said J. R. Gaut, W. A. Askew, and I. O. Wilson represented themselves to be authorized in behalf of said right of way committee of the city of Amarillo (the names and addresses of the persons composing said right of way committee being unknown to plaintiffs herein), for the purpose of purchasing, appraising, and procuring the right of way for said defendant herein to build, construct, erect and place a railway line in Potter county, Tex., in a northerly direction towards Liberal, Kan., and that at the time said committee saw and discussed with these plaintiffs the purchase of said lands and premises hereinbefore described they contracted and agreed with plaintiffs herein to pay plaintiffs the sum of $24,300 therefor, and that the same would be paid through the First National Bank of Amarillo, Tex., upon these defendants placing deeds therein conveying said lands and premises above described to E. W. Hardin, trustee for said railway company, and said right of way committee.

"That about the time that said committee discussed the purchase of said lands with these plaintiffs, they ascertained and learned that said defendant, railway company, had already possessed itself of said lands and premises and had placed embankments, ties, and rails thereon for the purpose of operating said railroad lines over, upon, and across said lands; that said plaintiffs had not consented to said defendant, railway company, taking possession of said lands, and said committee aforesaid requested these plaintiffs herein not to obstruct said railway company in such possession of said lands and premises, which said plaintiffs declined to assent to do, but advised said right of way committee that, if the payment for said lands was made within a reasonable time, they would not take drastic action to remove said defendant, railway company, therefrom.

"That in accordance with the contract made with the said J. R. Gaut, W. A. Askew, and I. O. Wilson, purporting to act for and in behalf of said right of way committee, which said right of way committee was acting for and in behalf of said railway company, defendant, and said railway company, defendant, was accepting the benefits of the acts, purchases, and trades of the said railway committee and of the said

⬙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

J. R. Gaut, W. A. Askew, and I. O. Wilson, with full knowledge of their representations and promises, or, in the event they did not have knowledge thereof, said defendant was put upon notice in accepting said benefits of the representations, declarations and promises of said committee and of said right of way committee, or had such notice as would put a reasonably prudent person upon inquiry as to such representations, declarations, and promises, and if such inquiry had been made they would have ascertained that said lands had not been purchased from these plaintiffs, nor paid for, and that the representations and declarations made by said committee to purchase the same were not fulfilled or complied with.

"That under the terms of said proposed purchase by said committee for said right of way committee and for said defendant, deeds to said lands above described to the said E. W. Hardin were to be deposited with the First National Bank of Amarillo, together with a draft on said E. W. Hardin, trustee, c/o First National Bank, for the sum of $24,300, and said draft was to be paid within 10 days thereafter, and if not paid plaintiffs were to withdraw their deeds and have the right to take possession of their said lands and premises.

"That said plaintiffs deposited said draft with said First National Bank on or about the 1st day of September, 1926, together with good and sufficient deeds of conveyance conveying said lands and premises to the said E. W. Hardin, trustee, for the purpose of a right of way by said defendant, company, and the same remained with the said First National Bank for a long time after the 10th of September, 1926, and that plaintiffs demanded payment of said consideration on numerous occasions, and though often requested said defendant nor said committee ever paid the same or any portion thereof, and that plaintiffs thereafter withdrew said conveyances and declared said contract for the purchase thereof by said committee at an end.

"That said defendant, railway company, has often been requested to pay the consideration for said lands and premises, but has failed and refused to pay the same or any part thereof. The plaintiffs are entitled to the possession and use of said premises and are the owners in fee simple thereof, and that said defendant illegally and unlawfully entered into possession thereof and without semblance of any right thereto, and is now attempting to hold the same without any semblance of right thereto.

"Plaintiffs further show to the court that the defendant is obstructing, damaging, injuring, and materially depreciating the market value of said property by reason of placing thereon its railroad tracks, and digging ditches and barrow pits, and erecting embankments thereon, and covering said embankments with stone, gravel, and other substances, depreciating the market value of said lands and premises for its natural and best use. Plaintiffs further show to the court that said damages and injuries committed by the defendant create and have caused irreparable injury to the plaintiffs' property and unless removed therefrom will greatly lessen and destroy its market value.

"Plaintiffs further show to the court that by reason of the forcible, illegal, and unlawful entry of the said defendant upon said lands and premises, without the consent, permission, or authority of these plaintiffs, or either of them, and the illegal, unlawful, and unwarranted retention of the possession thereof by said defendant, after demand made therefor by said plaintiffs, that plaintiffs are and should be entitled to an injunction to enjoin the defendant, its agents, servants and employees from going upon, using or retaining the possession thereof, and upon final hearing entitled to a mandatory injunction to compel the restoration of said premises to its previous condition at the time such possession was invaded and taken by said defendant, and for all damages occasioned by the loss of the use of said premises during such time.

"Wherefore plaintiffs pray, the defendant having heretofore appeared and answered herein, that plaintiffs be granted a temporary writ of injunction, enjoining and restraining the defendant from going upon, using, and enjoying said lands and premises until a final hearing, that plaintiff have judgment for the title and possession of said lands and premises and their writ of restitution, and that plaintiffs be awarded and granted a mandatory writ of injunction compelling and requiring said defendant to remove its tracks, ties, rails, and any and all material, equipment, and obstructions from said land and premises, and to restore the same to a like and similar condition as when such unlawful and illegal entry was made thereon by said defendant, and for all costs, damages, and all such other and further relief as plaintiffs may show themselves entitled, either in law or in equity."

This petition was duly verified.

The defendant filed its answer consisting of general and special exceptions, general denial, and not guilty, and further specially pleading among other defenses, substantially, knowledge, consent, and acquiescence by the plaintiffs of the defendant taking possession of a portion of the land described in the plaintiffs' petition, for a right of way upon which to operate and maintain its line of railway; denied that possession of the land was taken at a time unknown to the plaintiffs; but alleges further that the plaintiffs did know of the fact that such right of way was projected across plaintiffs' land. Defendant also pleads ignorance of any representations made by the right of way committee, and expressly pleads that said committee was not representing the defendant, but was representing the citizens of Amarillo in securing the right of way which was pledged as a donation to the defendant, railway, and that such committee, if they made representations as alleged by plaintiffs, were not authorized to make them on behalf of defendant. Defendant admits that said committee did agree to pay the plaintiffs the sum of $24,300 for said right of way, but denies that they agreed to pay the same immediately, and says that said sum was to be paid, as was well known to each of the plaintiffs, when collected from subscribers and persons thereafter to subscribe to the funds for such purpose. The defendant further admits that the right of way committee has not paid to

the plaintiffs the sum they agreed to pay for such right of way, for certain reasons set out; that the plaintiffs fully understood the plan by which the right of way and terminal grounds were to be procured by the citizens of Amarillo, Tex., and donated to the defendant; that the Amarillo National Bank, of which the plaintiff C. T. Ware and R. C. Ware are officers, paid the sum of $5,000 toward the procurement of said right of way; that said right of way committee approached the plaintiffs for the purpose of procuring the property described in their petition as a right of way and terminal grounds, and agreed with the plaintiffs that said right of way committee would accept and pay for said property at a value of $24,300 when, and as if, the contributions from the citizens of Amarillo had been pledged and paid, adequate to pay same; that the plaintiffs, according to the best information and belief of the defendant, accepted said proposition and abided by the same for many months, and until it became apparent that said committee was actually receiving inadequate subscriptions to make such settlement with plaintiffs for the amount agreed to by them; that said committee has not abandoned their purpose to procure the funds with which to pay for said right of way; that the plaintiffs have a full, adequate, and complete remedy at law; and that their damages are easily ascertainable in terms of dollars and cents, etc.

A hearing was had upon the application for temporary injunction before the district judge of Potter county, and after hearing the facts that judge entered his order denying the application for temporary writ of injunction, and appeal from such order has been duly taken to this court.

The appellants present the case upon two propositions:

"(1) An injunction should be granted to prevent the taking of a citizen's property for either a railroad or public right of way, without first making payment, as provided by law and by the Constitution of the state of Texas.

(2) Where the applicant is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act, prejudicial to him, the writ of injunction should be granted."

At the time of the filing of the application in this suit for an injunction, the evidence showed that the defendant was then in possession of the right of way crossing plaintiffs' land, having built its track over and across same.

As stated above, the plaintiffs claim that the entry on their land was made by defendant without their knowledge and consent.

Article 1, § 17, of the Constitution of Texas, provides that:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person. * * *"

[1] The pleadings and evidence clearly present to the trial court the question of consent of the parties plaintiff, the owners of the land in controversy, to the defendant's entry upon the land, and also of acquiescence therein by plaintiff. That court upon the issues thus presented, by his judgment, found that the plaintiffs did so acquiesce and consent to same—at least we are required, in the absence of an express finding, to hold that the trial court so found, as such judgment is required to be sustained by us upon any theory disclosed by the evidence and the pleadings.

It has been held that the consent of the owner to such an entry may be given verbally. Texas & St. L. Railway Co. v. Jarrell, 60 Tex. 267.

[2] In view of a trial on the merits of this case, we do not think it advisable to discuss the evidence, but think it sufficient upon that question to say that, while the plaintiffs deny that they gave their consent to defendant's entry, the evidence from other sources conflicts with the testimony given by them, and the trial court passing upon the facts, in lieu of a jury, has seen fit to accept such evidence, and we are not authorized to disturb his findings. Boettler v. Tumlinson (Tex. Civ. App.) 77 S. W. 824, 825. This is the rule laid down by the Supreme Court of Texas, prior to the creation of the Courts of Civil Appeals (Jordan v. Brophy, 41 Tex. 283, 284; Bailey's Adm'r v. White, 13 Tex. 114–118; Gilliard v. Chessney, 13 Tex. 337; McFarland v. Hall's Heirs, 17 Tex. 676–690), and this rule is held to be binding upon the Courts of Civil Appeals as it was on the Supreme Court before the change (Kempner v. Jordan, 7 Tex. Civ. App. 275, 26 S. W. 870).

The Court of Appeals, which, at the time the decision was rendered, had jurisdiction of appeals from the county courts of Texas, has also held that, where there is simply a conflict in the evidence, that court was not authorized to interfere with a verdict and judgment. Windham v. Aultman, Miller & Co. (Tex. Sup.) 14 S. W. 1008.

[3] The other question which we will discuss is whether or not the plaintiffs have a clear, complete, and adequate legal remedy. If they have, then they are not entitled to the relief by injunction. Upon their right to the injunction, appellants cite Hill v. Brown, 225 S. W. 780, by the Court of Civil Appeals, apparently overlooking the disposition of that case in the Supreme Court (237 S. W. 252).

In the opinion by the Commission of Appeals, in the volume last cited, that court discussed the cases of Sumner v. Crawford, 91 Tex. 130, 41 S. W. 994, Chisholm v. Adams, 71 Tex. 681, 10 S. W. 336, Galveston, H. & S. A. Ry. Co. v. De Groff, 102 Tex. 441,

118 S. W. 134, 21 L. R. A. (N. S.) 749, and Stephens v. T. & P. Ry. Co., 100 Tex. 177, 97 S. W. 309, and held that:

"The general rule is that an injunction will not be granted when the person seeking it has a plain and adequate legal remedy as efficient to the ends of justice as the remedy in equity."

In that case, the plaintiffs were held to have a complete and adequate legal remedy, because it appeared that they had the remedies of trespass to try title and forcible detainer.

[4] Our Supreme Court has held that the owner of land may maintain an action for damages against a railway company, which, without consent, enters upon his land which has not been condemned. International & G. N. Ry. Co. v. Benitos, 59 Tex. 326; Hays v. Railway Co., 62 Tex. 397.

It appearing that the trial court has, upon conflicting evidence, found that the entry upon the lands of plaintiffs was with the consent and acquiescence of the plaintiffs, and that the plaintiffs have a clear, complete, and adequate remedy at law in their suit in trespass to try title, in which the possession and the damages thereto can be fully adjudicated, the judgment of the trial court is affirmed.