**PEREZ et al. v. LIPSCOMB. (No. 8276.)**

Court of Civil Appeals of Texas. San Antonio. Nov. 6, 1929.

Rehearing Denied Jan. 8, 1930.

W. W. King and Oscar Bergstrom, both of San Antonio, for appellants.

R. L. Neal and E. P. Lipscomb, both of San Antonio, for appellee.

SMITH, J. On February 2, 1923, appellee herein, E. P. Lipscomb, recovered judgment in the court below against A. S. Perez and others, appellants herein, for title and possession of certain real property in Bexar county, and subsequently that court denied appellants' bill of review to set aside that judgment. Perez and his associates prosecuted an appeal from the latter judgment, to this court, and on November 12, 1924, the judgment was reversed and the cause remanded by this court. Perez v. E. P. Lipscomb & Co., 267 S. W. 748. Appellants' application for writ of error was dismissed by our Supreme Court, for want of jurisdiction, on March 6, 1925. Subsequently appellants obtained a mandate from this court in said action, but did not file that mandate in the trial court, or take any other steps to prosecute their suit, until more than three years later, or, to be exact, until March 14, 1928, when they filed the mandate in the trial court. No further conclusive action was taken in the trial court until March 6, 1929, when the trial judge, upon motion of appellees, dismissed appellants' bill of review. This motion to dismiss was grounded upon the long delay of appellants in filing the mandate of this court, and upon the laches of appellants in prosecuting their action, and the court's order thereon was made, according to recitations in the order, after hearing and considering the pleadings, evidence, and argument. The record presented in this court embraces no statement of facts, bills of exception, or other sources of information disclosing the nature or extent of the matters and evidence heard by the trial court in determining the merits of the motion to dismiss. In this situation it must be presumed, in support of the right action of the trial court, that the evidence adduced upon the hearing of the motion to dismiss was sufficient to warrant the order granting the motion. Assuredly there is nothing presented to show that the trial court abused the rather wide discretion accorded it in such matters.

The judgment is affirmed.