SALLIE J. HARVEY ET AL. v. M. C. CUMMINGS ET AL.

(Case No. 1725.)

1. APPEAL BOND.— An appeal bond, executed in a suit where there are several appellees, and where one of the appellees is not made a party as obligee, is of no effect; and even if all are included, it is rendered invalid if filed more than twenty days after the adjournment of the court for the term at which the judgment was rendered.

2. Appeal in forma pauperis.— The statute which authorizes an appeal *in forma pauperis*, by permitting one desiring to appeal to the supreme court to make oath before the county judge of the county in which the appellant resides, has reference to county judges in Texas, and an oath of that character before the county judge of some county in another state, where the appellant may reside, is of no effect.

Appeal from Henderson. Tried below before the Hon. Felix J. McCord.

*James B. Goff*, for several of the appellants.

*J. J. Faulk*, for appellees.

Willie, Chief Justice.— This was an action of "trespass to try title," brought against several parties, which resulted in a judgment for defendants. The plaintiffs appealed, and a portion of them gave a bond, to which one of the appellees was not made a party as obligee. This, of course, rendered the instrument of no effect as an appeal bond, Penny being a necessary party to the appeal. Subsequently another bond was executed, to which Penny was made party, but it was filed more than twenty days after the adjournment of court for the term and thereby invalidated.

A portion of the appellants made oath before the county judge of White county, Arkansas, where they resided, to the effect that they were unable to pay the costs, and upon this seek to prosecute an appeal without bond. It is objected that the oath was not taken before an officer authorized to certify to it, and we think the objection a good one.

Our statute, in providing that the oath might be taken before a county judge of the county where the appellants resided, evidently meant a county judge of our own state. The legislature certainly did not intend that residents of some of the sister states of the Union should be entitled to appeal in our courts, whilst those residing in other states should not. Yet this would be the necessary effect of their legislation if we are to allow foreign county judges to take and certify to such affidavits. For there are many states where the office of county judge is unknown, and hence the oath could not be taken before such officer; whilst in others the office of county judge does exist, and in these only could the law be followed, and to the residents of such states could appeals without bond be allowed. We do not think the legislature intended to show any such partiality. If they had been designating officers to whom the power was to be confided abroad, they would doubtless have

styled them "judges of courts of record," or used some similar several term known to the courts of all civilized countries, which would include some appropriate and trustworthy officer for this purpose, as they have done in other similar cases.   As the question is not before us, it is not for us to say whether or not we have any general statute which gives authority to foreign officers to take and certify such affidavits.   If there is not, then the case is left unprovided for in our statutes.

We think the present affidavit was not certified to by the proper officer, at least so far as we can judge from the transcript.   The oath is of no effect to authorize an appeal, and the cause must be dismissed.   It is unnecessary to notice the other grounds of the motion.

DISMISSED.