PEVITO v. SOUTHERN GAS & GASOLINE ENGINE CO. (No. 118.)*

(Court of Civil Appeals of Texas. Beaumont. April 20, 1916. Rehearing Denied July 3, 1916.)

APPEAL AND ERROR ☞1191 — FAILURE TO HAVE MANDATE ISSUED—REFUSAL TO REINSTATE.

Where a cause was reversed and remanded by a Court of Civil Appeals, and no mandate issued within a year, the trial court, a district court, properly dismissed the cause and refused to reinstate it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4646; Dec. Dig. ☞1191.]

Appeal from District Court, Orange County; A. E. Davis, Judge.

Action by S. H. Pevito against the Southern Gas & Gasoline Engine Company. From a judgment dismissing and refusing to reinstate the action, plaintiff appeals. Judgment affirmed.

Holland & Holland, of Orange, for appellant. L. R. Bryan, of Houston, for appellee.

BROOKE, J. This is an appeal from a judgment of the district court of Orange county, dismissing and refusing to reinstate this cause, because of the failure to have a mandate issued within one year from the Court of Civil Appeals for the First District, wherein the cause was reversed and remanded. In resisting the dismissal and in support of motion to reinstate, appellant presented a statement of facts found by the trial court to clearly entitle him to the relief, and the trial court dismissed the cause and refused to reinstate the same, on the expressly limited ground that the statute was mandatory, and that the court was without discretion in the matter. The sole question to be determined is whether or not, where on appeal a cause has been reversed and remanded, and no mandate has been issued within one year, the trial court has the power to refuse to dismiss the cause, or reinstate the same upon good cause shown therefor.

The first assignment of error challenges the action of the lower court in dismissing the cause and refusing to reinstate the same, and appellant's proposition is that, where no mandate has been issued within one year after a cause has been reversed and remanded, it is within the power of the trial court to refuse to dismiss, or, after dismissal, to reinstate the cause for trial, for sufficient cause shown therefor.

The appellant filed the certificate of the clerk of the Court of Civil Appeals at Galveston in this language:

"Court of Civil Appeals, First Supreme Judicial District, Galveston, Texas.

"I, H. L. Garrett, clerk of the Court of Civil Appeals, First Supreme Judicial District of Texas, do hereby certify that on June 13, 1912, cause No. 6026, Southern Gas & Gasoline Engine Company v. S. H. Pevito, on appeal from district court of Orange county, was reversed and the cause remanded by said Court of Civil Appeals; and I further certify that on October 11, 1912, the motion for rehearing in said cause theretofore (to wit on July 1, 1912) filed in said Court of Civil Appeals was in all things overruled;

"I further certify that the costs of said appeal were taxed against the said S. H. Pevito, and that the same have not been paid, and I further certify that on account of said nonpayment of costs no mandate has even been issued in said cause. I further certify that the year allowed by the statute within which costs may be paid and mandate issued has expired, the final order in said cause being the order overruling motion for rehearing, which order, as aforesaid, was entered on October 11, 1912.

"In testimony whereof, I have hereunto set my hand and affixed the seal of court, this October 14, 1913. H. L. Garrett, Clerk Court Civil Appeals, First Supreme Judicial District of Texas, at Galveston. [Seal.]"

Appellant filed verified plea, resisting the motion to dismiss, and, in the event of the cause being dismissed, then he moved in the verified plea that the cause be reinstated.

The trial court filed its findings of fact and conclusions of law, as follows:

### "Findings of Fact.

"(1) This suit was for damages on account of injuries to a growing rice crop, brought by plaintiff against the defendant in this court, in which a trial on the issues was, at a prior term of this court, had resulting in a judgment in favor of the plaintiff, from which an appeal was taken by the defendant to the Court of Civil Appeals at Galveston, and on said appeal judgment was entered, reversing and remanding said cause.

"(2) No mandate was issued in said cause within one year after the final judgment therein rendered was entered.

"(3) After said cause had been reversed and remanded, this court, by agreement of the parties acting through their attorneys and upon request of the defendant's attorney, entered continuances in said cause.

"(4) For some months prior to the time the year within which the mandate should have been issued by the Court of Civil Appeals expired, until the expiration of said year the plaintiff was continuously confined to his bed with sickness, unable to attend to any character of business, and not in touch with any of the proceedings of this court, and not able physically to attend to any character of business, and was almost continuously confined to his bed with sickness, and was continuously ill during all of said time.

"(5) Plaintiff was never acquainted with the fact that provision had to be made for the costs of appeal before the mandate was returned; no execution was ever presented to him for said costs; no demand was ever made upon him for said costs; and he at no time was acquainted with the fact that he was required to pay appeal costs to preserve and protect his rights in said cause. He never received any demand for costs or notice that any costs were due by him.

"(6) This action is barred by the statute of limitation, should the same be dismissed, and no suit could be maintained upon a new action brought because of the bar of said statute, and the dismissal of this cause will result in depriving plaintiff of substantial rights of considerable value, for which he will have no redress.

"(7) The failure to have the costs paid or an affidavit in lieu thereof made and to have said mandate issued was not through any neglect or fault or carelessness on the part of the plaintiff, and he has never had an opportunity to have said costs paid and mandate issued, and he has, since ascertaining that it was necessary to pay said costs, continuously offered to pay said costs and obtain a mandate, and his offer so to do is continuous up to the present time.

### "Conclusions of Law.

"The statute controlling this question is in mandatory language. It has never been passed upon by the courts so far as I have been able to ascertain. By its language it requires this cause shall be dismissed. It says nothing, nor do I find anything, applying to the motion to reinstate. Upon a statute somewhat similar, to wit, the article of the statute requiring that failure to give a cost bond in a pending cause when motion has been made that same should be given shall result in a dismissal, and that said cause shall be dismissed upon a failure to give such cost bond by the first day of the term following the granting of the order requiring the bond, it has been held that this statute, although mandatory in its language, is directory only, and that upon the showing of any reasonable excuse the court is not of necessity bound to dismiss the cause, or that the cause may be reinstated after having been dismissed. I am of the

opinion that this is the nearest authority applicable to the question here presented, but on account of the fact that the question has never been passed on by the appellate courts within my knowledge, and that a retrial of the issues in the cause would be expensive and of no avail to the parties should it be held that this court is without discretion in the matter and without power to reinstate the cause, and solely upon that ground I hold that the cause should be dismissed and not reinstated and so enter judgment.

"A. E. Davis, District Judge Presiding."

We do not understand why there should be any misconception of the holding of the Supreme Court of this state on the identical proposition, for the question was certified to the Supreme Court, and in an opinion delivered December 18, 1902, by Mr. Justice Williams, in Scales v. Marshall, 96 Tex. 140, 70 S. W. 945, was decided. It was certified from the Fifth district, as follows:

"Texana Scales, joined by her husband, brought suit in the district court of Johnson county against Elizabeth Marshall, in trespass to try title, to recover a tract of land situated in said county. A trial resulted in a judgment in favor of the defendant, and the plaintiffs appealed to this court, where on November 24, 1900, the judgment was reversed and the cause remanded; the costs of appeal being taxed against the appellee. Scales v. Marshall, 60 S. W. 336. A motion for rehearing was filed by the appellee, and was overruled on January 5, 1901. No further action was taken by either party until June 30, 1902, when the appellants paid the costs of appeal, and the mandate was issued on the same day at their instance and request. The mandate was filed in the trial court on July 4, 1902. On September 17, 1902, the appellee, Elizabeth Marshall, filed a motion in this court, setting up the facts above stated, and praying for the recall of said mandate. The motion was based upon article 676a, c. 54, Acts 1901, which reads as follows: 'No mandate shall be taken out of the Supreme Court, or Courts of Civil Appeals, and filed in the court wherein said cause originated, unless the same is so taken within the period of twelve months after the rendition of final judgment of the Supreme Court, or Courts of Civil Appeals, or the overruling of a motion for rehearing. The provisions of this act shall only apply to cases which are by the Supreme Court, or Courts of Civil Appeals, reversed and remanded, and if any cause is reversed and remanded by said Supreme Court, or Courts of Civil Appeals, and the mandate is not taken out within twelve months as hereinbefore provided, then upon the filing in the court below of a certificate of the clerk of the Supreme Court, or Courts of Civil Appeals, that no mandate has been taken out, the case shall be dismissed from the docket of said lower court: provided, that in any cause which has heretofore been reversed and remanded by the Supreme Court, or the Courts of Civil Appeals, the mandate in all such cases shall be taken out within twelve months from and after the passage of this act, and not thereafter.' The contention is that the statute cited applies to cases of this character, and that, as the mandate was not applied for until more than 12 months after the passage of said act, the period of limitation was complete, and the mandate was therefore illegally issued. The appellants waived service of the motion and filed an answer. The appellee did not apply to the clerk of this court for the certificate provided for by said article until after the mandate had been issued and had been filed in the district court.

"Question No. 1. Does the said act apply to a case like this, where the plaintiff in the trial court has been cast in the suit, and has appealed and secured a reversal of the judgment against him; the cost of appeal being taxed against the other party?"

The Supreme Court, in answering this question, says:

"The case stated is clearly included in the language of the act, and the courts are not at liberty to make an exception to the rule declared, where the Legislature has made none. The broad declaration that 'no mandate shall be taken out,' etc., with the proviso that the act shall apply only to cases which are reversed and remanded, is equivocal to saying that no mandate shall be issued in any cause in which the judgment has been reversed and the cause remanded, after the expiration of the prescribed time. As, under other provisions, either party is allowed to take out the mandate, no impossible condition is imposed."

In the case of Watson v. Boswell, 73 S. W. 985, the court says:

"This is an appeal from a judgment dismissing the cause of action. It appears that in April, 1900, appellees recovered judgment against appellant on a plea in reconvention and for costs of suit, and a supersedeas bond was given, and the judgment was, on February 13, 1901, reversed by this court, and the cause remanded; costs being taxed against appellees. The costs were not paid by appellees, nor was any affidavit of inability to pay costs made by them. On July 14, 1902, appellant paid costs of appeal, and a mandate was issued by the clerk of this court. Upon motion of appellees the cause was dismissed because no mandate was issued within 12 months from the date that judgment was rendered in the Court of Civil Appeals."

The court, after reciting the law, which is the act of the Twenty-Seventh Legislature, page 122, continues:

"The law in question went into effect on July 10, 1902, more than 12 months thereafter. The law declares 'that no mandate shall be taken out of the Supreme Court or Courts of Civil Appeals' unless within the period of 12 months after rendition of judgment of the overruling of a motion for rehearing, and the mandate was therefore issued by the clerk of this court, not only without warrant of law, but in the very face of the statute, and should not have been filed in the trial court. It does not matter against whom the costs were taxed. The law is mandatory that the mandate shall not issue after 12 months in causes in which the judgment is reversed and the cause remanded, and it is made the duty of the trial court to dismiss the cause from the docket upon a certificate showing that a mandate was not issued in 12 months. The mandate issued in this cause, showing on its face that it was issued more than 12 months from the passage of the act, formed a sufficient basis for the judgment of dismissal. The statute deprived appellant of no vested right, and does not violate any provision of the Constitution. It provides, in terms, that, in causes in which judgment had been reversed and causes remanded before the passage of the act, the 12 months should begin to run from and after the passage of the act. The issuance of a mandate is merely a remedy, which may be altered, and there can be no vested right in any particular remedy. De Cordova v. Galveston, 4 Tex. 470; Treasurer v. Wygall, 46 Tex. 447. The state is bound to afford adequate process for the enforcement of rights, but is not tied down to any particular mode of procedure. Worsham v. Stevens [66 Tex. 89] 17 S. W. 404. It does not matter against whom the costs were adjudged. Appellant was the one to be benefited by the issuance of the mandate and the duty devolved upon him to have the mandate issued within 12 months from the passage of the law,

and it was right and proper that the costs of the lower court should be taxed against him when his cause was dismissed."

In the case of Aspley v. Hawkins, 88 S. W. 289, the court says:

"This writ of error is prosecuted from the judgment of dismissal. The case had been tried before, and on appeal was in part affirmed and in part reversed and remanded. The judgment of the appellate court was rendered in June, 1894, and the motion to dismiss was filed in 1903. No mandate from the appellate court has been filed in the court below and that fact was made one of the grounds upon which the motion to dismiss was predicated. The act of 1901, requiring the mandate in reversed and remanded cases to be filed within 12 months after the rendition of final judgment by appellate courts, authorizes a dismissal of the suit when it is made to appear that no mandate has been issued within the time stated. We think that act is applicable to this case, and therefore the judgment is affirmed" (citing Scales v. Marshall, supra, and Watson v. Boswell, supra).

In view of the above expressions from the higher courts, which have directly passed upon the provision of the statute with reference to the issuance of mandates, there seems to be no question that the action of the lower court was correct in dismissing the suit and refusing to reinstate. The authorities cited by appellant, in view of the fact that the question has been directly passed upon, the matter of statutory construction, need not be gone into, and in the event that it were necessary to do so, and it was still an open question in our state, we are persuaded to believe that the result would be the same, and that the higher courts would hold as they have already held upon this question.

Therefore we are of the opinion that it was not error in the court below to dismiss and refuse to reinstate the case, and the action of the lower court is, in all things, affirmed. It is so ordered.