WEDGWORTH et ux. v. POPE et al.
(No. 8579.)

(Court of Civil Appeals of Texas. Ft. Worth. April 16, 1917. Rehearing Denied May 19, 1917.)

1. MORTGAGES ☚32(5) — ABSOLUTE DEED AS MORTGAGE—CONSTRUCTION—CONTINUED EXISTENCE OF DEBT.

Whether a conveyance absolute on its face with a written agreement for repurchase is a mortgage or a conditional sale will depend upon the continued existence of the relation of debtor and creditor, and, unless such relation continues, the transfer will be held a conditional sale.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 61, 88.]

2. MORTGAGES ☚39 — ABSOLUTE DEED AS MORTGAGE—CONSTRUCTION — QUESTION FOR JURY.

Where a deed absolute on its face containing an agreement for a reconveyance to the grantor upon payment of notes did not state whether the notes would be satisfied by the conveyance in the event of the grantor's failure to repurchase and was silent respecting disposition of a judgment held as collateral, the question of the intention of the parties was for the jury under appropriate instructions.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 112, 113.]

Error from District Court, Tarrant County; J. W. Swayne, Judge.

Suit by V. K. Wedgworth and wife against J. B. Pope and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

A. B. Curtis and V. K. Wedgworth, both of Ft. Worth, for plaintiffs in error. Stephens & Miller and Glover C. Johnson, all of Ft. Worth, for defendants in error.

DUNKLIN, J. On January 6, 1914, V. K. Wedgworth and wife, Fannie R. Wedgworth, executed to J. B. Pope an instrument in writing in the form of regular conveyance with warranty of title, purporting to convey certain town lots in the city of Ft. Worth. The consideration recited in the instrument was as follows:

"Ten dollars and the further consideration of the agreements hereinafter made:

"It is the purpose and intention of this instrument to make an absolute and unqualified conveyance of said property and to vest in the grantee, free, clear and unincumbered title thereto, having no other or further conditions attached thereto except the following right to repurchase said property upon the following terms, to wit:

"(1) The said J. B. Pope, grantee herein, in accepting this instrument gives to the grantors herein, and the grantors herein expressly reserve the right to repurchase said property from said J. B. Pope at any time on or before the first day of August, 1914, up on the payment in full by the grantors or either of them, of three certain notes executed by V. K. Wedgworth to J. B. Pope in the principal sums of $1,500, $869.45 and $458.85, respectively, dated December 15, 1910, December 19, 1912, and December 19, 1912, respectively, together with interest and attorney's fees.

"(2) It is further agreed and stipulated that if the grantors herein shall pay to J. B. Pope the full amount of the aforesaid notes, including principal, interest and attorney's fees, on or before August 1, 1914, then, in that event, J. B. Pope shall reconvey all of the aforesaid property to the grantors herein, and shall also assign to said grantors all his interest in and to a certain judgment in favor of J. B. Pope against D. M. Beauchamp, J. W. Maxwell and J. L. Rutherford in the case of Pope v. Beauchamp et al. now pending before the Supreme Court of Texas on application for writ of error.

"(3) It is further agreed and stipulated that J. B. Pope shall allow as credits on the aforesaid notes all and any moneys received by him from said judgment in the case of Pope v. Beauchamp et al., on or before the first day of August 1914, but not thereafter.

"Now, therefore, if said V. K. Wedgworth and Fannie R. Wedgworth, grantors herein, shall fail and refuse to pay all of the aforesaid notes together with all the interest due thereon and attorney's fees on or before the first day of August 1914, then and in that event the option to repurchase the aforesaid property shall· be, and is forfeited by said V. K. Wedgworth and Fannie R. Wedgworth.

"In the event of the forfeiture of the right to repurchase as hereinabove stated on or before August 1, 1914, then the said J. B. Pope shall be, and by these presents is vested with clear and unincumbered title, being free to own, hold, or in any manner dispose of said property; it being in that event the property of the said J. B. Pope, free from any right, title, claim or interest therein or thereto in said V. K. Wedgworth and Fannie R. Wedgworth.

"This deed is given in compromise of a certain injunction proceeding in the district court of the Seventeenth judicial district of Tarrant county, Texas, same being No. 36074 and styled V. K. Wedgworth v. Glover C. Johnson et al., on the docket of said court; and a part of the consideration hereof is the forbearance of J. B. Pope to foreclose at this time his deed of trust lien on the property hereinabove mentioned, and a relinquishment on the part of V. K. Wedgworth and Fannie R. Wedgworth of such rights as they may have under said injunction proceeding."

---

At the time of the execution of that instrument, Wedgworth owed to Pope the promissory notes mentioned in paragraph 1 of the consideration so expressed, to secure the payment of which Pope held deeds of trust from Wedgworth and wife upon the property conveyed by the deed. Pope also held as collateral security for $1,500 of said indebtedness, the judgment mentioned in paragraph 2 of the consideration, which was a judgment of foreclosure upon a vendor's lien note for the principal sum of $3,000 executed by D. M. Beauchamp, J. W. Maxwell, and J. L. Rutherford in favor of C. T. Wright, which had been transferred to Wedgworth, and which Wedgworth had hypothecated to Pope.

Wedgworth and wife instituted this suit against Pope to recover the alleged excess in value of said lots over and above said indebtedness; also, to recover title to the judgment held by Pope as collateral, or, in the alternative, the value thereof; also, to recover the value of an undivided one-half interest in two other lots upon which Wedgworth had also executed a deed of trust to secure accrued interest on the notes referred to above, and which deed of trust it was alleged had been foreclosed by a trustee's sale and purchased by Pope after the execution of the deed first mentioned.

In their petition plaintiffs alleged the execution of the promissory notes referred to, with the further allegation that they failed to pay off said indebtedness within the period given by said deed to repurchase the property; that thereby the deed became an absolute deed of conveyance to Pope. Plaintiffs further alleged that, in addition to the consideration expressed in the deed, it was understood and agreed by and between them and Pope, at the time of the execution of the deed, that, in the event plaintiffs should fail to pay off said indebtedness and the deed should thereupon become an absolute conveyance, then Pope would pay to plaintiffs such sum as the reasonable value of the property so conveyed might exceed the amount of said indebtedness, and should also transfer to plaintiffs the judgment held by Pope as collateral security. It was further alleged that on August 1, 1914, the time limit given plaintiffs to repurchase their property, the same was reasonably worth the sum of $7,350, and that the judgment held by Pope as collateral was of the reasonable value of $4,225. The difference between the alleged aggregate value of the real estate and the judgment and the amount admitted to be due Pope upon the notes was the sum of $8,965, for which amount plaintiffs sought judgment. Plaintiffs also sought to recover the value of a life insurance policy alleged to have been also hypothecated as security for said indebtedness prior to the execution of said deed; but this policy was returned to him upon the trial, and therefore will not be further noticed.

The defendant pleaded, first, that the deed in controversy was a conditional sale which became absolute upon the failure of plaintiffs to repurchase within the time specified, and that the only consideration agreed between the parties therefor was a compromise of the injunction suit as recited therein. In another count of his answer defendant further alleged that in September, 1914, after the expiration of the period within which plaintiffs had a right to repurchase the property, there was a foreclosure of the deed of trust held by him upon the property at the time of the execution of the deed, and he became the purchaser thereof for the sum of $500; the sale being made by the trustee mentioned in the deed of trust in accordance with the terms thereof, and defendant being the highest bidder therefor at public auction. Defendant further alleged that the judgment in favor of Pope against Beauchamp et al. did not award a foreclosure of lien for the full amount of the collateral note, but for $1,500 only of that amount; that said judgment is still pending on appeal to the Supreme Court of Texas; that it is questionable whether or not such foreclosure will be sustained; and that without such foreclosure the judgment would be practically of no value, as the defendants in that judgment are insolvent. By a plea in reconvention, the defendant further sought a personal judgment against plaintiffs upon said promissory notes for the balance due thereon, after crediting the same with the amounts realized at the foreclosure sales of the property under deeds of trust and mentioned above.

The trial court instructed a verdict against the cause of action asserted by the plaintiffs and in favor of the defendant upon his cross-action for the amount claimed. From that judgment, plaintiffs have prosecuted this writ of error.

The first assignment we will consider will be the one complaining of the court's peremptory instruction to the jury.

[1] Whether or not the deed in controversy became an absolute deed of conveyance from and after August 1, 1914, or whether or not after that date it had the effect to leave in full force and effect the prior mortgage lien upon the property, or else itself constituted a mortgage lien thereon, is the first question to be determined.

In Alstin v. Cundiff, 52 Tex. 462, in discussing the question whether or not a conveyance absolute on its face with a written agreement for repurchase signed by the parties was a mortgage or a conditional sale, the court, after reference to the decision of Ruffier v. Womack, 30 Tex. 340, said:

"The true test, as laid down in the above case of Ruffier v. Womack, is that, if the relation of debtor and creditor continues to exist, it is a mortgage; otherwise, it is a conditional sale."

3 Pomeroy, Equity, par. 1195, is as follows:

"The criterion is the continued existence of a debt or liability between the parties, so that the conveyance is in reality intended as a security for the debt or indemnity against the liability. If there is an indebtedness or liability between the parties, either a debt existing prior to the conveyance, or a debt arising from a loan made at the time of the conveyance, or from any other cause, and this debt is still left subsisting, not being discharged or satisfied by the conveyance, but the grantor is regarded as still owing and bound to pay it at some future time, so that the payment stipulated for in the agreement to reconvey is in reality the payment of the existing debt, then the whole transaction amounts to a mortgage, whatever language the parties may have used, and whatever stipulations they may have inserted in the instrument. On the contrary, if no such relation whatsoever of debtor and creditor is left subsisting, then the transaction is not a mortgage, but a mere sale and contract of repurchase."

Jones on Mortgages, § 258, reads:

"Whether a conveyance be a mortgage or a conditional sale must be determined by a consideration of the particular circumstances of each case. 'A glance at the numerous adjudications in controversies of this kind will suffice to show that each must be decided in view of the particular circumstances which belong to and mark its character, and that the only safe criterion is the intention of the parties, to be ascertained by considering their situation and the surrounding facts, as well as the written memorials of the transaction.' The intention of the parties is the only true and infallible test, and this intention is to be gathered from the circumstances attending the transaction and the conduct of the parties as well as from the face of the written contract."

See, also, Jones on Mortgages, §§ 263, 265, 267; Miller v. Yturria, 69 Tex. 549, 7 S. W. 206; Kirby v. Natl. Loan & Investment Co., 22 Tex. Civ. App. 257, 54 S. W. 1081; Goodbar v. Bloom, 43 Tex. Civ. App. 434, 96 S. W. 663.

[2] It will be noted that in the deed in controversy there was no stipulation that the notes owing by Wedgworth to Pope at the time of the execution of the instrument should be satisfied by the conveyance in the event of the failure of the plaintiffs to repurchase the property conveyed. Whether or not such notes should be credited with any sum as the value of said real estate, in the event of a failure of the plaintiffs to repurchase, and, if so, the amount of such credit, the deed itself does not show. The deed is also silent with respect to the disposition of the judgment held by Pope as collateral in that contingency. The evidence was conflicting as to whether or not it was understood between the parties that the debts owing by plaintiffs would be extinguished if the deed became absolute. We think Wedgworth's testimony, which was the only testimony on that issue, was insufficient to support the allegation in plaintiff's petition that the understanding of the parties was that, in the event he should fail to repurchase the property, Pope would charge himself with the reasonable value thereof, and should pay Wedgworth the excess of such value over and

above the amount of the debts. However, independent of such failure of proof on that issue, and for the reasons already indicated, we are of the opinion that the court should have submitted for a determination by the jury, under appropriate instructions, the issue whether or not it was the intention of the parties that the deed should operate as an absolute deed from and after August 1, 1914.

The proper determination of other issues presented in the pleadings would hinge upon the determination of that issue, and hence we will not discuss them.

For the error indicated, the judgment is reversed, and the cause remanded.