### POPE v. WEDGEWORTH et ux. (No. 143–3075.)

(Commission of Appeals of Texas, Section A. May 26, 1920.)

Appeal and error ⚖=347(1) — Time within which writ of error is to be sued out commences from entry of judgment, and not from date of voluntary remittitur.

Defendant's application for writ of error, filed more than 12 months after entry of judgment where judgment was not thereafter amended or corrected by the court, under Rev. St. 1911, art. 2015, was not filed within the required time, though within the preceding 12 months plaintiff had voluntarily filed a remittitur under article 2013, the time within which writ should have been sued out having commenced with the rendition of judgment by the court, and not the date of a voluntary remittitur.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by V. K. Wedgeworth and wife against J. B. Pope and others. Judgment was rendered for defendants, and was reversed, and the cause was remanded by Court of Civil Appeals (196 S. W. 621), and named defendant brings error. Remanded to

Court of Civil Appeals with instructions to dismiss the cause from the dockets for want of jurisdiction.

Glover C. Johnson, of Ft. Worth, for plaintiff in error.

V. K. Wedgeworth, of Ft. Worth, for defendants in error.

SPENCER, J. Judgment in favor of plaintiff in error was entered in the district court of Tarrant county, Tex., on February 16, 1915. On April 2, 1915, he voluntarily filed a remittitur of $25 of the judgment obtained. A petition for writ of error to the Court of Civil Appeals for the Second Judicial District was filed in the office of the district clerk of Tarrant county, on the 1st day of April, 1916. Plaintiff in error filed his motion in the Court of Civil Appeals to dismiss the writ of error upon the ground that the application for the writ had been filed more than 12 months after the entry of the judgment in the trial court. This motion was granted, but upon motion of defendant in error, suggesting the remittitur of April 2, 1915, and urging that the time allowed for filing the application was to be computed from the date of the filing of the remittitur, the court set aside its order granting plaintiff in error's motion dismissing the cause, took jurisdiction thereof, and reversed and remanded the same. 196 S. W. 621. The writ of error was granted upon application referred to the committee of judges.

The remittitur was made in accordance with the provisions of article. 2013, R. S. 1911, which reads:

"Any person in whose favor a judgment has been rendered may in open court remit any part of such judgment; and such remitter shall be noted on the docket and entered in the minutes, and execution shall thereafter issue for the balance only of such judgment, after deducting the amount remitted."

Article 2015 provides that the court may in open court, after notice of the application to correct a mistake in the record of any judgment has been given to the parties interested, amend the same according to the truth and justice of the case.

Under the provision of article 2013, a party to the cause may act independently of the discretionary power of the court, and without notice to the adverse party, while under the latter article the court upon suggestion of mistake in the judgment and after notice to the interested parties exercises its discretion in amending the judgment.

In our opinion the rights of the parties in so far as the court was concerned were finally determined by the rendition of the judgment on February 16, 1915. The entry of the judgment was the act of the court. The judgment was not thereafter amended or corrected by the court, and no application in accordance with article 2015, suggesting error or mistake, was ever made or filed.

The remittitur of April 2, 1915, was the voluntary act of the plaintiff in error. The court, under the circumstances, could exercise no control over the making of it, but was confined to the statutory duty of making the notation on the docket and entering it in the minutes of the court. The judgment was not thereby reformed or vacated and another entered, but the remittitur was made in accordance with the statute upon a judgment rendered by the court. It represented the act of the party and not of the court.

In estimating the time within which a writ of error should be sued out, the period should commence with the date of the rendition of the judgment by the court in the exercise of its discretion, and not from the date of a remittitur by a party to the suit who voluntarily remits a part of the judgment as a matter of statutory right, and without regard to any suggestion of error or mistake. We do not think that a party litigant has the power, by remittitur, to control the commencement date of the time within which writs of error may be sued out to the Court of Civil Appeals, nor do we think that the filing of the same operates to effect that result. To so hold would in effect put it in the power of a litigant to extend the statutory time within which writs of error may be sued out to the Courts of Civil Appeals.

We do not think that the case is controlled by the holding in the case of Hall v. Read et al., 28 Tex. Civ. App. 18, 66 S. W. 809, in which there was a correction of the judgment agreed to by the parties and approved by the court. In that case the court, with all the parties before it, amended the judgment, and, as of course, the judgment thus amended vacated the original. In that case the proceedings were by virtue of article 2016, and the court exercised the discretion given it by the terms of that article.

It follows, therefore, that the petition for writ of error not having been filed with the district clerk within 12 months after the judgment was rendered, the Court of Civil Appeals was without jurisdiction to entertain the appeal, and it should have dismissed the cause for want of jurisdiction.

We recommend, therefore, that the cause be remanded to the Court of Civil Appeals, with instructions to set aside its judgment, reversing and remanding the cause, and to grant the plaintiff in error's motion to dismiss the same from the dockets of the court for want of jurisdiction.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the question discussed.