## WEST v. DUGGER et al.   (No. 297.) *

(Court of Civil Appeals of Texas.   Waco.
Nov. 19, 1925.   Rehearing Denied Dec.
17, 1925.)

1. Process ⬦149—Return of officer on citation not impeachable by testimony of one witness, unless strongly corroborated by other evidence.

The return of an officer on a citation showing proper service may not be impeached by testimony of one witness, unless strongly corroborated by other evidence, which must come from source other than that of one witness attacking service of citation.

2. Process ⬦137—Return of process by officer, as required by statutes, has sanction and support of his official oath.

Sheriffs and their deputies being required to take official oath prescribed by Const. art. 16, § 1, and being required, under Rev. St. 1925, arts. 6866, 6875, to make due return of all process and sign their returns officially, return has sanction and support of official oath of such officer.

3. Process ⬦149—Evidence corroborating that of plaintiff denying service of process held sufficient to require submission to jury.

In suit to set aside default judgment on ground that no service was had on plaintiff, positive evidence of plaintiff that he was not served *held* sufficiently corroborated to require submission of such issue to jury.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Suit by J. A. West against W. L. Dugger and others to set aside and vacate a default judgment. From a judgment refusing to set aside a default judgment, plaintiff appeals. Reversed and remanded.

N. A. Coston and E. C. Street, both of Waco, for appellant.

Weatherby & Rogers, Bryan & Maxwell, and John McGlasson, all of Waco, for appellees.

STANFORD, J.   W. L. Dugger brought suit in the district court of McLennan county against appellant, J. A. West, and a number of others; said cause being No. 5795. On May 28, 1924, judgment by default was rendered in said cause against appellant for $23,906.25. This suit, No. 6633, was brought by appellant to set aside and vacate said default judgment, on the ground that no service was had on him in said cause No. 5795, and said judgment was therefore void. On the trial of this cause before a jury the trial court peremptorily instructed the jury to return a verdict in favor of appellee, "for the reason that the corroborative testimony of plaintiff is insufficient." The jury returned a verdict as instructed by the court, and upon such verdict the court entered judgment in favor of appellee, and against appellant, refusing to set aside said default judgment. This is a companion case with the injunction suit of J. A. West, Appellant, v. W. L. Dugger, Appellee, No. 285, recently decided by this court. 278 S. W. 239.

### Opinion.

The only question involved in this appeal is, Did the trial court err in instructing a verdict for appellee? And, as the reason assigned by the trial court for giving said peremptory instruction was that the testimony of appellant to the effect that he was not served with citation was not sufficiently corroborated, in order to determine the correctness of the court's action we must determine whether or not there was sufficient corroborative evidence to require the submission of said issue to the jury.

[1] It is the law in this state that the return of an officer on a citation showing proper service may not be impeached by the testimony of one witness, unless strongly corroborated by other evidence. Kempner v. Jordan, 7 Tex. Civ. App. 275, 26 S. W. 870; McBride v. Kaulbach (Tex. Civ. App.) 207 S. W. 576; Harrison v. Sharpe (Tex. Civ. App.) 210 S. W. 731. And such other corroborating evidence may be facts and circumstances, but such facts and circumstances must come from sources other than that of the one witness who would attack the service of the citation. Randall v. Collins, 58 Tex. 231; Pierce-Fordyce Oil Co. v. Staley (Tex. Civ. App.) 190 S. W. 814; Swearingen v. Swearingen (Tex. Civ. App.) 193 S. W. 442. The return on the citation shows that B. P. Hobbs, a deputy sheriff, served appellant and 15 other defendants in said cause on November 28, 1923. This same deputy sheriff testified that he had no recollection serving appellant in this case; that he had served him in one case, but that it might have been a garnishment suit against the bank of which West was president; and that the citation he served might have been served during the 4 years he was deputy constable before he became sheriff. As stated above, the return shows that the 16 defendants were served by B. P. Hobbs, deputy sheriff, on November 28th, but George Jackson, another deputy sheriff, testified that he served 5 of these same defendants, and named the ones he remembered serving, but that he did not serve appellant, so the sheriff's return is not supported by the evidence of B. P. Hobbs, the man who is supposed to have made said return, and said return is directly contradicted by the evidence of Jackson, another deputy. Another circumstance tending to show appellant was not served is that, as disclosed by the record, under the regulations of the sheriff's office, it was the duty of Deputy Sheriff Jackson to serve on

all parties residing east of the Brazos river. Four of the defendants in cause No. 5795 lived east of the Brazos river; appellant, J. A. West, being one of said 4. Deputy Jackson testified he served the other 3, naming them, who lived east of the river, but he did not serve appellant in this case. Another potent fact to be considered is that, of the 16 defendants shown by the return to have been served by Deputy B. P. Hobbs on November 28th, 7 lived out in different parts of the country, one at Elm Mott, 7 or 8 miles east of Waco; 1 at Chalk Bluff, 6 miles northeast of Elm Mott; J. A. West, 18 miles northeast of Waco; one at Mart, about 20 miles southeast of Waco; and another at Lorena, about 20 miles south of Waco; and, if the other 11 lived in Waco, it would seem an impossibility that Mr. Hobbs could have served all of them in one day. Another significant fact in this case is, as shown by the record, that the return on the citation in this case was not made by Deputy B. P. Hobbs, nor signed by him officially, as required by article 6875, Revised Civil Statutes of 1925, but was made, and Hobbs' name signed thereto, by Mack Wood, an office deputy.

The judgment in said cause 5795 was rendered by default on May 28, 1924, against appellant for $23,906.25. Appellant testified positively that he was not served with a citation in said cause, and knew nothing about the case until about September 1, 1924. The record discloses further that appellant had been an officer in the West Bank and also in the West State Bank for many years; that as an officer of said banks he had been served in garnishment and other suits many times, and that he had never allowed any of them to go by default; that, when he, or the bank of which he was an officer, was sued, he would not only promptly turn the process over to his attorney for him to prepare and file an answer, but later call or write his attorney to know if he had filed an answer, etc.; that appellant has property subject to execution. The record further discloses that appellant, according to his pleading, had a good defense to the cause of action asserted against him.

[2, 3] In all the cases reported that we have been able to find, the return of the process was not only made and officially signed by the officer who served said process, as required by statute, but was supported or corroborated by the evidence of such officer under oath that the return spoke the truth. Sheriffs and their deputies are required to take the official oath prescribed by article 16, section 1, of the Constitution of this state, that they will faithfully and impartially discharge and perform all the duties incumbent upon them to the best of their skill and ability agreeably to the Constitution and laws of the United States and of this state, etc. Our statute (article 6866), among other duties of such officers, provides:

"And that he will well and truly execute and make due return of all process and precepts to him lawfully directed," etc.

Article 6875 provides:

"Every sheriff, deputy sheriff or constable shall indorse on all process and precepts coming to their hands the day and hour on which they received them, the manner in which they executed them, and state at what time and place the process was served as well as the distance actually traveled in serving such process, and shall sign their returns officially."

It will thus be seen when an officer executes process and makes his return, showing when, where, and how he executed it, and signs his return officially; in other words, when he executes and returns process, as required by our statutes, such return has the sanction and support of the official oath of such officers, and our courts have established the rule, when such a return of an officer is attacked, "that there may be something more than an oath against an oath; that the testimony of the officer must be met by ·the oath of two witnesses, or of at least one, with strong corroboratory circumstances." Kempner v. Jordan, supra. But it is our opinion that the above rule of law should not apply when the undisputed evidence shows that the officer who was supposed to have served said process, and who of his own knowledge knew or ought to have known upon whom and when he executed same, did not make said return nor sign same officially, but same was made by a third party who could not know of his own knowledge anything about who was served or where such party or parties were served. As Mr. Wood, who did not serve any of said parties, made the return in this case, and signed B. P. Hobbs' name to same, we do not think said return has the sanction of or the support of the official oath of any officer. However, if said return were regular, and had been made and signed officially by the officer supposed to have executed the process, we think the positive evidence of appellant that he was not served was sufficiently corroborated to require said issue to be submitted to the jury. Appellant testified he was not served and knew nothing of the suit against him for nearly $25,000 until 3 or 4 months after a default judgment was rendered against him. No officer testified that he did serve appellant in said cause. No officer testified that the return purporting to be made by B. P. Hobbs, but actually made by I. Mack Wood, was true. There are several circumstances, as heretofore pointed out, as well as others not mentioned by us, that strongly corroborate the positive evidence of appellant that he was not served, while the return is not corroborated by any evidence, not even the official oath of any officer. The fact that the suit was for nearly $25,000, against a cautious business man, one who is solvent, and who, according to the

face of the record, had a good defense to the cause of action for said large amount asserted against him, is a very strong circumstance corroborating appellant. It is incredible that he, if served with citation for this large amount, under the circumstances, would have forgotten it and failed to file an answer. The corroborating evidence was, we think, ample. The court erred in refusing to submit the issue to the jury, and in peremptorily instructing a verdict for appellee, for which error the judgment of the trial court is reversed and the cause remanded.