**Ex parte Jack C. THOMAS, Relator.**

**No. 16709.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 25, 1976.

Rehearing Denied May 6, 1976.

Walter R. Grimes, Houston, for appellant.

Anthony L. Vetrano, Jr., Houston, for appellee.

EVANS, Justice.

On December 10, 1975, relator was adjudged in contempt of the terms of divorce decree dated November 14, 1972, wherein he was ordered to pay $75.00 per week as child support for his two children. The court determined that relator was in arrears in the amount of $2,275.00 and in its written order entered January 20, 1976, fixed relator's confinement in the county jail "for a period of three (3) days conditioned that he may purge himself by paying the sum of TWO THOUSAND TWO HUNDRED SEVENTY FIVE & NO/100 ($2,275.00) DOLLARS into the registry of this court on receipt of any funds derived from a workman's compensation claim and suit resulting from an injury he received on or about July 1, 1975, Texas Industrial Accident Board Case No. P–95031–H, for costs of court and upon such payment he shall be released from custody." This order provided for commitment to issue "after hearing herein." It bore the approval of the attorneys for both parties.

Subsequently on January 27, 1970, upon petition for contempt filed on behalf of relator's former spouse, the court ordered relator to appear on February 24, 1976, to show cause why he should not be punished for contempt in failing to comply with the court's order. The show cause order did not specify the order which relator had allegedly failed to obey and the petition for contempt referred only to the divorce decree and alleged generally that relator had disobeyed that order.

On February 24, 1976, the court entered an order of commitment which recited that relator had disobeyed the terms of the divorce decree dated November 14, 1972, and that he was in arrearage in child support payments in the amount of $2,275.00. The decree fixed his punishment in the county jail of Harris County, Texas, for a period of 30 days. After the entry of this order the court expunged the order from the minutes of the court and substituted an "amended" order of commitment. This amended order reflects that it was entered on February 24, 1976, and it is identical in every respect with the earlier order of that date except that it recites the arrearage to be in the sum of $450.00.

While relator does not contest the court's determination that the sum of $450.00 represented the amount of the arrearage in his child support payments between the time of the first hearing of December 10, 1975, and the second hearing on February 24, 1976, he contends that the court was not authorized to enter the amended order reducing the recited amount of arrearage from $2,275.00 to $450.00 in the absence of notice and hearing. He argues in effect that the trial court's order of February 24, 1976, is void.

▪ The trial court had the inherent right to correct the recital as to the amount of the arrearage by expunging the original order and entry of an amended order. *Wedgeworth v. Pope*, 12 S.W.2d 1045 (Tex. Civ.App.—Fort Worth 1928, writ ref'd). Rule 317, T.R.C.P., specifically provides for the correction of misrecitals in the record of the judgment or decree of the court:

"Where in the record of any judgment or decree of a court, there shall be any omis-

sion or mistake, miscalculation or misrecital of a sum or sums of money, or of any name or names, if there is among the records of the cause any verdict or instrument of writing whereby such judgment or decree may be safely amended, it shall be corrected by the court, wherein such judgment or decree was rendered, or by the judge thereof in vacation, upon application of either party, according to the truth and justice of the case. The opposite party shall have reasonable notice of the application for such amendment."

In McDonald, Texas Civil Practice, Vol. 4 (1971 rev.), Sec. 17.08.1–D, at page 59, it is stated:

"The court's power to order the correction of clerical errors in the entry of a judgment is analogous to its power to direct such entry nunc pro tunc. Since every judicial tribunal has inherent power to make the records correctly reflect its activities, no enabling statute or rule is required and in fact the power is beyond legislative control. Since 1846 Texas has had statutes upon the subject, and these are continued in Rules 316 through 319, but these provisions are merely cumulative, in no sense curtailing the court's inherent power. Assuming always that the order merely corrects a clerical error, the court's control of its records is virtually unlimited, and it is immaterial how greatly the corrected judgment differs from the incorrect entry. A decree inadvertently or mistakenly entered by the clerk without the court's approval may be stricken. An inaccurate record may be expunged and a correct decree substituted. Omissions or misstatements in the date of judgment, the names of parties, the amount of judgment or the date from which interest is to be calculated, and any other clerical error may be rectified, and necessary provisions for the enforcement of the judgment may be added."

While it does not appear that relator or his attorney were given prior written notice of the court's intention to amend the order, relator does not contend that the amended order incorrectly states the facts found by the court. No exceptions were taken to the petition for contempt prior to the hearing on February 24, 1976, and we have before us no transcript of the evidence heard by the court at that hearing. While it would have been ordinary courtesy to give relator's counsel notice and opportunity to be heard upon the proposed amendment, relator was not harmed by the nature of the amendment and the fact such notification was not given does not render the court's order void. *Payton v. Hurst Eye, Ear, Nose & Throat Hosp. & Clin.*, 318 S.W.2d 726 (Tex.Civ.App.—Texarkana, 1958, writ ref'd n. r. e.).

The amended order of commitment was entered on the same date as the original order and since the transcript does not reflect that relator was arrested under the original order, we assume that he was arrested and confined under the amended order. In view of our holding that the court was empowered to enter the amended order and that it was not shown to be void, relator should be remanded to custody.

It is ordered that relator be remanded to the custody of the Sheriff of Harris County, Texas.